UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RODNEY LAIL, aka Keith Lail, aka Rodney Keith Lail, JAMES B. SPENCER, IRENE SANTACROCE, RICKY STEPHENS, MAGUERITE STEPHENS, ESTATE OF DORIS HOLT, NICHOLAS C. WILLIAMSON, DAN GREEN,<br><br>        Plaintiffs,<br><br>-vs-<br><br>THE UNITED STATES OF AMERICA, N. JOHN BENSON, PHIL CELESTINI, PAUL GARDNER, DAVID M. HARDY, KERRY HAYNES, THOMAS ISABELLA, JR., MICHAEL KIRKPATRICK, THOMAS MARSH, MONTE DELL McKEE, MATTHEW PERRY, GEORGE SKALUBA, CHRIS SWECKER, NOEL HEROLD, THE FEDERAL BUREAU OF INVESTIGATION, THE UNITED STATES GOVERNMENT, HORRY COUNTY, SOUTH CAROLINA, THE STATE OF SOUTH CAROLINA, THE STATE OF SOUTH CAROLINA LAW ENFORCEMENT DIVISION, DAVID CALDWELL, LARRY GAINEY, MICHAEL PRODAN, MARK KEEL, JOHNNY MORGAN, UNKNOWN JOHN DOES,<br><br>        Defendants. | Civil Action No.: 3:11-cv-0977-TLW-TER<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

I.  INTRODUCTION

Plaintiffs, most[1] of whom are proceeding pro se, allege violations of state and federal law,

---

[1]Plaintiff James Spencer, individually as on behalf of the Estate of Doris Holt, is represented by counsel.

including violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1988, and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In addition, they bring claims under the Federal Tort Claims Act, the South Carolina Tort Claims Act, and South Carolina common law. Plaintiffs' claims arise out of Plaintiff James Spencer's allegedly unlawful arrest and an alleged conspiracy to hide evidence of civil rights violations at issue in an action previously pending before this court.

Presently before the court are a Motion to Dismiss (Document # 33) filed by Defendants United States of America, Federal Bureau of Investigation (FBI), Paul Gardner, David M. Hardy, Kerry Haynes, Noel Harold, Thomas Isabella, Jr., Michael Kirkpatrick, Thomas Marsh, Monte Dell McKee, George Skaluba, Chris Swecker, Matthew Perry, John Benson, and Phil Celestini (collectively, "Federal Defendants"), a Motion to Dismiss (Document # 34) filed by Defendants State of South Carolina, David Caldwell, Larry Gainey, Michael Prodan, and Mark Keel, and a Motion for Judgment on the Pleadings (Document # 60) filed by Defendant South Carolina Law Enforcement Division (SLED).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II. MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND (6), F.R.CIV.P.

### A. Relevant Facts

The Federal Defendants move for dismissal of the claims against them pursuant to Rule

12(b)(6), arguing that the claims are barred by the doctrine of res judicata. On February 5, 2010, Plaintiffs filed an action in the United States District Court for the District of Columbia against numerous Defendants, including all of the Federal Defendants in the present action, Lail, et al v. United States Government, et al, 1:10-cv-00210-PLF (the DCDC case). Plaintiff James Spencer[2] does not dispute that the allegations in the DCDC case are substantially the same as the allegations in the present case.

In the DCDC action, the Federal Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. All of the other defendants moved for dismissal pursuant to Rule 12(b)(2), Fed.R.Civ.P., asserting that the court lacked personal jurisdiction. The court dismissed the DCDC action in its entirety by published order, Lail v. United States Government, 771 F.Supp.2d 49 (D.C. 2011). In its order, the DCDC court extensively set forth the factual allegations of the complaint, and first addressed the Federal Defendants' motion to dismiss. The DCDC court set forth a thorough discussion of Plaintiffs' claims against the Federal Defendants, and the applicable law and concluded that dismissal of the claims against the Federal Defendants was appropriate because Plaintiffs had failed to state a claim for relief against any of them. Lail, 771 F.Supp.2d at 58 ("Because the Court concludes that plaintiffs have failed to state a claim for relief against any of the federal defendants, the motion to dismiss all claims against those defendants will be granted."). The DCDC court next addressed the motions to dismiss filed by all other Defendants, in which the argued the court lacked personal jurisdiction over them. The court concluded that "[t]he plaintiffs therefore have failed to establish that any nonresident defendant is subject to the exercise of personal jurisdiction by this Court. As a result, all claims against those defendants must be

---

[2]None of the other Plaintiffs filed a Response to this Motion.

dismissed." Id. at 62.

The present action was commenced within thirty days of dismissal of the DCDC action. Complaint ¶ 99. In their Complaint in the present action, Plaintiffs contend that the DCDC action was dismissed "without prejudice as [the court] had a lack of proper jurisdiction." Complaint ¶ 98.

**B.     Standard of Review**

Res judicata is an affirmative defense and is treated as a basis for dismissal under Rule 12(b)(6). See Davani v. Virginia Dept. of Trans., 434 F.3d 712, 720 (4th Cir.2006) ( res judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)); Andrews v. Daw, 201 F.3d 521, 524 n. 1 (4th Cir.2000) (an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint ...."). "A federal court may consider matters of public record such as documents from prior ... court proceedings in conjunction with a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir.2009). This is particularly true where, as here, Defendants seek dismissal pursuant to the doctrine of res judicata. See Brooks v. Arthur, 626 F.3d 194, 200 (4th Cir.2010) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." (internal marks and citation omitted)).

**C.     Discussion**

"Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgement, whether by increasing or decreasing the award or by reversing the result." Heckert v. Dotson, 272 F.3d 253, at 258 (4th Cir.2001). "'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the

two suits.'" Martin v. Am. Bancorp. Ret. Plan, 407 F.3d 643, 650 (4th Cir.2005) (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir.2004)). Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also " 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.' " Peugeot Motors v. Eastern Auto Distributors, 892 F.2d 355, 359 (4th Cir.1989) (quoting Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)); see also Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir.1991).

As stated above the court in the DCDC action dismissed the claims against all the Federal Defendants, who are the same as the Federal Defendants in the present action, for Plaintiffs' failure to state a claim against them. "[A] dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir.2009); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."); Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir.1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

Plaintiff concedes that the dismissal of some of the Federal Defendants in the DCDC action was on the merits. Specifically, he concedes that the dismissal of Federal Defendants Chris Swecker, Matthew, Perry, N. John Benson, Jr., David M. Hardy, and Kerry Haynes, all associated with the FBI in Washington, D.C., was on the merits because the court had personal jurisdiction over them. However, Plaintiff argues that the DCDC lacked personal jurisdiction over the remaining Federal Defendants and, thus, dismissal of those Defendants was pursuant to Rule 12(b)(2) rather than Rule

12(b)(6). Plaintiff points to language in the DCDC order in which the court discusses its lack of personal jurisdiction over "non-resident" defendants. See, e.g., Lail, 771 F.Supp.2d at 62 ("The plaintiffs therefore have failed to establish that any nonresident defendant is subject to the exercise of personal jurisdiction by this Court. As a result, all claims against those defendants must be dismissed."). However, this conclusion by the DCDC comes after it had already throughly discussed and determined that Plaintiffs had failed to state a claim against any of the Federal Defendants and that dismissal of those Defendants was appropriate on that basis. Id at 58. Further, the DCDC's reference to "non-resident" defendants falls within the section of the order entitled, "REMAINING DEFENDANTS' MOTIONS TO DISMISS," in which the court specifically sets forth the defendants falling within that category, none of whom were the Federal Defendants. Id. at 61. Thus, Plaintiff Spencer's attempts to attribute the DCDC's discussion of personal jurisdiction to the Federal Defendants is without merit. Clearly, the DCDC dismissed the claims against the Federal Defendants for failure to state a claim against them pursuant to Rule 12(b)(6).

Plaintiff Spencer also argues that because the DCDC lacked personal jurisdiction over Michael Kirkpatrick, Monte Dell McKee, Thomas Isabella, Jr., Noel Herold, George Skaluba, Thomas Marsh, Phil Celestini, and Paul Gardner, the Federal Defendants located outside the District of Columbia, it's dismissal of the claims against these Defendants was improper. However, unlike subject matter jurisdiction, personal jurisdiction can be waived. See, e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). Thus, a court need not determine personal jurisdiction before reaching the merits of a case. It follows, then, that a court does not act outside its jurisdiction by reaching the merits of a claim

without first addressing personal jurisdiction. Accordingly, this argument is without merit as well. The Federal Defendants have met the first requirement for establishing the applicability of res judicata: a final judgment on the merits in a prior suit.

The Federal Defendants must next show an identity of the cause of action in both the earlier and later suit. Plaintiff Spencer does not dispute that the claims in this action and the DCDC action are the same. However, Plaintiff Spencer does dispute the final requirement of identity of the parties or their privies, at least as to the Estate of Doris Holt.

Plaintiff Spencer argues that Doris Holt was not aware of her participation in the DCDC action and, thus, cannot be bound by the dismissal of that action.[3] Doris Holt was a named Plaintiff in the DCDC action. The complaint was signed on behalf of Doris Holt by James Spencer. It is not clear whether Plaintiff Spencer's authority to bring an action on behalf Holt was ever challenged or raised in the DCDC action. Nevertheless, it is clear that, by signing pleadings in the case on behalf of Holt, Plaintiff Spencer represented to the DCDC that he was acting on her behalf. Thus, whether or not Holt was aware of the DCDC action, Plaintiff Spencer, who represented to the court that he was acting on her behalf, was aware. In the present action, Plaintiff Spencer is proceeding on behalf of the Estate of Doris Holt, purportedly as the Executor of the Estate. Because someone acting on behalf of Holt participated in both cases, Plaintiff's Spencer's argument that she is not bound by the

---

[3] In his Response, Plaintiff Spencer asserts that "[t]he complaint in the District of Columbia informed the court that the complaint was being filed without the knowledge of Doris Holt. DCDC Doc. 1, ¶¶ 177 and ¶¶ 208." Response (Document # 54) p. 3. However, the cited paragraphs of the complaint do not support this assertion. The DCDC complaint does include allegations regarding Holt's deteriorating health.

ruling in the DCDC case is without merit.[4] Furthermore, it is inappropriate for Plaintiff Spencer use this action to attempt to challenge the binding effect of the DCDC judgment on Holt. A determination that the DCDC judgment was not binding on Holt would have to be made by the DCDC pursuant to a Rule 60 Motion in the DCDC action. Thus, because all Plaintiffs as well as all the Federal Defendants in the present action were also parties in the DCDC action, the third res judicata requirement is met as well.

In sum, the Federal Defendants have shown that a final judgment on the merits was entered in a previous action involving the same claims and the same parties. Therefore, res judicata applies to bar this subsequent litigation as to the Federal Defendants.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) AND (5) AND RULE 4(m)

#### A. Relevant Facts

Plaintiffs filed this action pro se on April 25, 2011. On June 29, 2011, this Court issued an Order (Document # 15) stating that Plaintiffs were responsible for serving Defendants, and specifically directing their attention to Rule 4(m), Fed.R.Civ.P., as follows:

> Plaintiffs are hereby, apprised, of Rule 4(m). Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. Plaintiffs are reminded that insufficiency of process is a defense in federal court, even when service of process is attempted under the applicable state court rules of the State in which the federal court is sitting. See Maybin v. Northside Correctional Center, 891 F.2d 72 (4th Cir. 1989).

---

[4] The case law cited by Plaintiff Spencer to support this argument is inapposite. In those cases, the courts found that the plaintiffs, who were parties to a previous litigation, had not yet become aware of a certain cause of action (or argued as much) at the time of the previous litigation, and, thus, were not barred from raising it in a subsequent litigation. See Capital Hill Group v. Pillsbury, Withrop, Shaw, Pittman, LLC, 569 F.3d 485, 491 (D.C. Cir. 2009); Grausz v. Englander, 321 F.3d 467, 473-74 (4th Cir. 2003); Morris v. Police Civil Service Com'n for City of Charleston, 977 F.2d 573, *2 (4th Cir.1992).

In a footnote to this directive, the Court further stated:

Plaintiffs should read Rule 4(m) of the Federal Rules of Civil Procedure for information about time limits for service on defendants. Under that rule, unless a particular defendant is served within 120 days after the complaint is filed, this court may have to dismiss an action without prejudice as to that particular defendant unless good cause is shown by a plaintiff for the lack of timely service.

On August 23, 2011, Plaintiffs requested an additional sixty (60) days in which to serve Defendants. On September 2, 2011, the Court granted the motion and granted the Plaintiffs until October 31, 2011 to serve Defendants. On October 21, 2011, Plaintiffs requested an additional sixty (60) days in which to serve Defendants. On October 31, 2011, the Court ordered that Plaintiffs must "serve their Summons and Complaint within thirty (30) days of the date of this Order. Failure to serve all Defendants within this time period may result in a recommendation that this case be dismissed pursuant to Rule 4(m), Fed.R.Civ.P."

On January 5, 2012, Plaintiffs filed an Affidavit of Service (Document # 32), indicating that Alden Wheeler had served Defendants Keel, Caldwell, Gainey and Prodan by service on Katherine Richardson of SLED on November 29, 2011, and that she acknowledged that she had authority to accept such service. Plaintiffs also indicated that Alden Wheeler served the State of South Carolina by service on Heather Hazel of the South Carolina Insurance Control Board on November 29, 2011, and that she acknowledged that she had authority to accept such service.

The moving Defendants submit the Affidavit of Katherine Richardson, in which she refutes the averments made by Wheeler:

4. At no time have I ever related to anyone that any of the individuals referenced in Mr. Wheeler's affidavit – (1) Mark Keel, (2) Mike Prodan, (3) Larry Gainey, and (4) David Caldwell – have given me permission to accept service of process on their behalf. In fact, none of these individuals has ever done so. I also do not recall telling Mr. Wheeler anything of the sort, and would not, since none of these individuals has

> ever given me authority to accept service on their behalf.
> 5. With regard to Mr. Wheeler "advising" me about the "purpose of the service," I recall that when I asked him if this service was civil or criminal in nature, he only indicated that it was "civil." I do not recall Mr. Wheeler explaining or advising anything else about the service, and certainly nothing about this being service on a specific individual.
> 6. If Mr. Wheeler had asked me about my capacity to accept service on behalf of any of these individuals, I would have told him none of these individuals had authorized me to accept service on their behalf, and that I could not accept such service.

Richardson Aff. ¶¶ 4-6 (attached as Ex. A to the moving Defendants' Motion).

Heather Hazel also refutes the representations made by Wheeler:

> 4. At no time have I ever related to anyone that I had permission to accept service of process on behalf [of the] "State of South Carolina" and the "South Carolina State Law Enforcement Division." In fact, none of these entities has ever done so. I did not tell Mr. Wheeler anything of the sort, and would not, since none of these entities has ever given me authority to accept service on their behalf.
> 5. If Mr. Wheeler had asked me about my capacity to accept service on behalf of any of these entities, I would have told him that I have no such authority, and that I could not accept such service.

Hazel Aff. ¶¶ 4-5 (attached as Ex. B to the moving Defendants' Motion).

### B. Standard of Review

Defendants South Carolina, Caldwell, Gainey, Prodan, and Keel argue that dismissal of the claims against them is proper because Plaintiffs have failed to properly serve them. Failure to properly serve the summons and complaint deprives the court of personal jurisdiction over that defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); Rule 12(b)(2), FED.R.Civ.P. (providing that a defendant may seek dismissal of the case for lack of personal jurisdiction). Moreover, a defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5), FED.R.Civ.P. (providing for dismissal for insufficient service of process). When a defendant challenges the manner or sufficiency of service of process it is "[t]he plaintiff

[who] bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996)). When personal jurisdiction is challenged as a result alleged improper service, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982), cited with approval in Soto v. Meadow Mills, No. 3:09CV292–HEH, 2009 WL 1873785 (E.D.Va. Jun. 29, 2009) (unpublished) (granting motion to dismiss pursuant to Rule 12(b)(2)). See also Lackey v. County of Macon, No. 2:09cv42, 2009 WL 2462186 (W.D.N.C. Aug. 7, 2009) (unpublished) (stating that, with respect to a Rule 12(b)(5) motion, "affidavits and other materials outside the pleadings may be properly submitted and considered").

**C.     Discussion**

Rule 4(e), Fed.R.Civ.P., governs the service of individuals in federal court:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
    (1) following state law[5] for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    (2) doing any of the following:
        (A) delivering a copy of the summons and of the complaint to the individual personally;
        (B) leaving a copy of each at the individual's dwelling or usual place

---

[5] South Carolina Rule of Civil Procedure 4(d)(1) provides that individuals may be served "by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process."

of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(j)(2), Fed.R.Civ.P., governs service on a state:

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
(A) delivering a copy of the summons and of the complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's[6] law for serving a summons or like process on such a defendant.

The moving Defendants argue that Plaintiffs have failed to show that service on Richardson or Hazel was sufficient service as to the moving Defendants Caldwell, Gainey, Prodan, or Keel because they were not an agents authorized to accept service of process. They further argue that no evidence exists indicating that Plaintiffs attempted to serve the moving Defendants in any other manner acceptable under the rules.

Plaintiff James Spencer[7] argues that Richardson and Hazel knew that the papers being served upon them were legal papers and, thus, service upon them was proper. However, he cites no legal authority to support this contention.

Plaintiff Spencer also asserts that Richardson and Hazel had apparent authority to accept service of process on behalf of Caldwell, Gainey, Prodan and Keel; however, the cases Plaintiff cites to support such a finding here are distinguishable. Richardson v. P.V., Inc., 383 S.C. 610, 682

---

[6] South Carolina Rule of Civil Procedure 4(d)(4)(A), provides that the State may be served "by delivering a copy of the summons and complaint to the Attorney General, or when another official is designated to be served by the statute permitting such action by delivering a copy of the summons and complaint to that official and sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia."

[7] No other Plaintiffs filed a Response to this Motion.

S.E.2d 263 (2009), involves service on a corporation rather than an individual. In addition, the process server appeared at the office of the hotel, actually spoke to the hotel's owner on the telephone, and told the hotel's owner he was serving a summons and complaint. Richardson, 682 S.E.2d at 264-266. After he left the summons and complaint with the sole employee working in the office, the employee testified that the hotel owner actually instructed her to fax the summons and complaint to his insurance agent. Id. Under these circumstances, the court found that the hotel owner had cloaked the employee with the apparent authority of the corporation to accept service, especially since he "knowingly permitted [the employee] to exercise authority to accept service of process…" Id. Here, there is no indication that the individual Defendants knowingly permitted Richardson or Hazel to accept service on their behalf. In Graham Law Firm v. Makawi, 396 S.C. 290, 721 S.E.2d 430 (2012), the court upheld the trial court's ruling that the plaintiff's attempt to serve the defendant by certified mail was insufficient because the return receipt was signed by an unauthorized person, namely, an employee of the individual defendant's business, because the plaintiff had failed to present evidence that the employee had either actual or apparent authority to accept service. Here, Plaintiffs fail to present sufficient evidence that Richardson or Hazel had apparent authority to accept service. See Wright and Miller, Federal Practice and Procedure Civil 3d § 1097 (2002) ("[T]he federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer the authority upon the agent ...").

     Plaintiff Spencer also argues that these same Defendants were served in a previous action when that service was accepted by someone at a front desk. The Affidavits of Service attached to Plaintiff's response reveal that neither Robinson nor Hazel accepted service on behalf of Caldwell,

Gainey, Prodan or Keel in the previous action and the fact that another "front desk employee" accepted service on behalf of these Defendants is insufficient to establish that these Defendants granted such authority on Robinson. Further, the moving Defendants represent that the court in the previous action found dismissal to be appropriate on other grounds and, thus, did not address the service of process issue.

In sum, Plaintiffs have failed to meet their burden of establishing that service was proper on the moving Defendants. Accordingly, it is recommended that the Motion to Dismiss (Document # 34) be granted and Defendants State of South Carolina, Caldwell, Gainey, Prodan and Keel be dismissed from this action.[8]

## IV. MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

Defendant SLED moves for dismissal based upon Eleventh Amendment Immunity. It is well-settled that federal courts lack jurisdiction over states and agencies of states, such as SLED, under the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed

---

[8]At the end of his Response, Plaintiff Spencer asserts rather conclusively, "Each of the affiants was served on 11.29.11 and Defendants filed an answer on 12.12.11. Doc. 28. Otherwise, good cause is created to allow later service based on the apparent agency created, and the need." Response (Document # 55) p. 3. Rule 4(m) provides that extension of the time for service is proper upon a showing of good cause. As set forth above, the court has allowed two extensions for service of the Summons and Complaint in this action. Plaintiffs attempted service on the moving Defendants just a few days prior to the deadline of the last extension. Courts typically find good cause to extend the Rule 4(m) time limit where "external factors ... stifle a plaintiff's due diligence" in perfecting service. T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D.W.Va.1996); see also United States ex. Rel. Shaw Envtl., Inc. v. Gulf Ins. Co., 225 F.R.D. 526 528 (E.D.Va.2005) ("Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)."). Plaintiff Spencer fails to show good cause for failing to comply with Rule 4(m) or the court's two orders extending the time for service. Thus, to the extent Plaintiff Spencer is requesting additional time to serve the moving Defendants, the request is denied.

by its own citizens); S.C. Code Ann. § 23-3-10 (establishing SLED as an agency of the state of South Carolina). Plaintiff Spencer consents to dismissal of SLED for this reason. The remaining Plaintiffs have not opposed the motion. Therefore, it is recommended that the Motion for Judgment on the Pleadings (Document # 61) be granted and SLED be dismissed from this action.

## V. CONCLUSION

For the reasons discussed above, it is recommended that the Motion to Dismiss (Document # 33) filed by Defendants United States of America, Federal Bureau of Investigation (FBI), Paul Gardner, David M. Hardy, Kerry Haynes, Noel Harold, Thomas Isabella, Jr., Michael Kirkpatrick, Thomas Marsh, Monte Dell McKee, George Skaluba, Chris Swecker, Matthew Perry, John Benson, and Phil Celestini (collectively, "Federal Defendants") be granted, the Motion to Dismiss (Document # 34) filed by Defendants State of South Carolina, David Caldwell, Larry Gainey, Michael Prodan, and Mark Keel be granted, and the Motion for Judgment on the Pleadings (Document # 60) filed by Defendant South Carolina Law Enforcement Division (SLED) be granted and that these Defendants be dismissed from this action.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 10, 2012  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**