IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rodney Lail; James B. Spencer; Irene Santacroce; Ricky Stephens; Marguerite Stephens; Estate of Doris E. Holt; Nicholas C. Williamson; and Dan Green, | ) ) ) ) ) | C/A No.  3:11-977-TLW-PJG |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Horry County South Carolina; Johnny Morgan, *Horry County Police Chief*; John Does, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiffs, some of whom are self-represented, filed this civil action in April 2011.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

On April 24, 2013, the court issued a Docket Text Order granting the defendants' motion to compel.  (ECF No. 126.)  In its order, the court directed several of the plaintiffs—including Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens—to fully respond to the defendants' discovery requests by May 8, 2013.  Additionally, the court directed Plaintiffs Marguerite Stephens and Ricky Stephens to comply with the defendants' Notice of Deposition.  The plaintiffs were specifically warned that failure to comply may result in sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure. According to the defendants' motion for an order to show cause filed May 28, 2013, "Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens have not responded in any way or otherwise made any effort to comply with the Court's order."  (ECF No. 131 at 2.)  The plaintiffs did not file a response to the defendants' motion.  Thus, it appears that Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens have failed to comply with an order of the court.

As Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens are proceeding *pro se*, the court issued an order to show cause on June 24, 2013 giving these plaintiffs fourteen days to provide a written statement showing cause for failure to comply with the court's April 24, 2013 Order. (ECF No. 134.)  These plaintiffs were specifically warned that if they failed to respond, their claims would be recommended for dismissal with prejudice for failure to prosecute, failure to cooperate in discovery, and failure to comply with a court order.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).  Despite this warning, the plaintiffs still did not respond.  Therefore, Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens meet all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed as to Plaintiffs Dan Green, Marguerite Stephens, and Ricky Stephens with prejudice for lack of prosecution, failure to cooperate in discovery, and failure to comply with a court order.  See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).

August 8, 2013                                       Paige J. Gossett
Columbia, South Carolina                   UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] They are personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided.  Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).