IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rodney Lail; James B. Spencer; Irene Santacroce; Ricky Stephens; Marguerite Stephens; Estate of Doris E. Holt; Nicholas C. Williamson; and Dan Green,<br><br>        Plaintiffs,<br><br>v.<br><br>Horry County South Carolina; Johnny Morgan, *Horry County Police Chief*; John Does,<br><br>        Defendants. | C/A No.  3:11-977-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiffs, some of whom are self-represented, filed this civil action in April 2011.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of Plaintiffs James B. Spencer and the Estate of Doris E. Holt for a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on the court's August 30, 2012 Order (ECF No. 70) granting dismissal as to some of the defendants on *res judicata* and/or service of process issues.  (ECF No. 88.)   The plaintiffs have also moved for a stay of this action pending appeal of the Rule 54(b) judgment if one is entered, or pending appeal of the denial of the Rule 54(b) order if it is not.  (ECF No. 89.)

Rule 54(b), pertaining to judgments on multiple claims or involving multiple parties, permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In the absence of such a finding, any order or other decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and

may be subsequently revised.  Id.  As distinguished commentators have noted, appeal following a Rule 54(b) order is the exception rather than the rule; "if the claims in an action are closely related and there is a risk of repetitive appeals, the district court may decide that this is a reason for delaying review and refuse to make the determination required by Rule 54(b)."  10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2653 at 36 (3d ed. 1998).

Upon review of the docket and the parties' submissions, the court concludes that entry of a judgment under Rule 54(b) is not appropriate in this case.  The court therefore recommends that the plaintiffs' motions for a Rule 54(b) entry of judgment and motion for stay be denied.

                                              _____
                                              Paige J. Gossett
                                              UNITED STATES MAGISTRATE JUDGE

August 8, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).