IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rodney Lail; James B. Spencer; Irene Santacroce; Estate of Doris E. Holt; Nicholas C. Williamson, | ) ) ) ) | C/A No. 3:11-977-MGL-PJG |
| Plaintiffs, | ) ) | **ORDER AND** |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Horry County South Carolina; Johnny Morgan, *Horry County Police Chief*; John Does, | ) ) ) ) | |
| Defendants. | ) ) | |

This civil action was filed in April 2011 and is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The court held a hearing on September 16, 2014 at which time it ordered that this matter was to remain stayed pending a ruling by the United States Court of Appeals for the Fourth Circuit in a related case. (See Southern Holdings, Inc. et al v. Horry County et al, C/A No. 4:02-1859-RBH) (Court of Appeals Docket Nos. 14-1666 & 14-1678.) The Fourth Circuit issued two orders on the appeals on November 24, 2014 and June 10, 2016 and the respective mandates were issued February 10, 2015 and July 26, 2016.

The court then directed the parties to show cause as to why this matter should not be dismissed based on the rulings of the Honorable R. Bryan Harwell, United States District Judge, issued June 11, 2014 and June 18, 2014 in C/A No. 4:02-1859-RBH, which were affirmed by the Fourth Circuit. (ECF No. 250.) In response, the defendants moved for this matter to be dismissed with prejudice as to all claims, arguing all plaintiffs are collaterally estopped from raising these claims, the claims from the plaintiffs (except for Williamson) are subject to *res judicata*, and the

claims are barred by the statute of limitations.[1] The plaintiffs filed separate responses that include the following arguments: (1) the stay in this matter should continue (a) because they would be seeking an extension of time to file a petition for writ of certiorari with the United States Supreme Court with regard to the rulings by the Fourth Circuit and (b) to allow them time to present additional evidence to Judge Harwell in C/A No. 4:02-1859-RBH;[2] (2) they will be asking the court to reopen discovery; and (3) they do not have to respond to the merits of dismissing this matter because, allegedly, they were not given notice that the purpose of this response would be for anything other than a status report.[3] (See ECF Nos. 253-54, 258, 266, 267, 268.) The defendants replied. (See ECF Nos. 263, 269.)

As an initial matter, the court hereby orders that the stay be lifted in this matter. Although it appears that the United States Supreme Court granted an extension of time to file a petition for a writ of certiorari until December 15, 2016, a petition was never filed. Moreover, no further motions are pending before Judge Harwell in the related matter, C/A No. 4:02-1859-RBH. Therefore, there is no reason to delay this matter any further. Additionally, the court observes that none of the plaintiffs' alleged "new evidence" appears to have anything to do with any claims against the remaining defendants in this case (Horry County, South Carolina and Johnny Morgan, Horry County Police Chief).

---

[1] Alternatively, the defendants argued that the Complaint should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

[2] The plaintiffs indicated that they would be filing another motion before Judge Harwell to consider this evidence; however, to date (which is almost a year later), that has not occurred.

[3] The court notes that in addition to the defendants' arguments seeking dismissal of this matter, the court's orders specifically required the parties to show cause why this matter should not be dismissed in light of the rulings in the related matter.

PJG

The court has carefully reviewed the voluminous filings in this matter and in the related civil action and finds that the plaintiffs in this matter are collaterally etoppped from continuing to repeatedly rehash these claims for all the reasons succinctly stated by the defendants. (ECF No. 252.) Moreover, with regard to all the plaintiffs except for Williamson, *res judicata* would apply. As noted by the defendants, in addressing the most recently filed motions to vacate, rescind settlement, impose sanctions, and motion for inherent power order in C/A No. 4:02-1859-RBH (in which Horry County and Horry County Police Department were defendants), Judge Harwell noted the following at the end of his order:

> Plaintiffs continue to ignore that their own counsel signed and submitted a consent order referring the tapes to the FBI, yet question Noel Herold's involvement. They continue to ignore that a settlement was not forced upon or imposed by this Court; rather, a settlement was announced in open court by their legal representatives and attorneys of record. This announced settlement was relied upon by this Court, and a duly selected jury to which taxpayers paid close to $12,000 to bring in a panel, which was released in reliance on the announced settlement. They continue to ignore that the Court cannot allow manipulation of its time and substantial juror costs as noted in prior orders. They continue to ignore that the Court was not required to hold a hearing on a settlement that was announced in open court by their lawyers and legal representatives in this case, and argue that they did not authorize their attorneys to agree to any settlement and that they did not sign a written authorization for their attorneys. They continue to ignore as mentioned in prior orders that it is not the Court's function to deal with disputes and miscommunications or disagreements between plaintiffs and their own lawyers, and that this court's function is to deal with disputes between the litigants, as a neutral and impartial judge, and not to act as a coordinator or associate counsel for Plaintiffs. They continue to ignore that the Court fully addressed and rejected their grounds of fraud, etc. for vacating the judgment and recusal and those orders were upheld on appeal. They continue to ignore this court's *sua sponte* raising of issues and ruling in their favor on many matters, yet they accuse this Court of being a part of some vast conspiracy along with numerous other individuals named in this or other lawsuits, as well as now apparently Senator Graham's office. Enough is enough. Any future filings by Plaintiffs or their counsel

may be subject to sanctions. Of course, the court of appeals has its own rules regarding whether to award sanctions.

(ECF No. 219-1 at 19 n.13.)

Thus, despite ample opportunities, the plaintiffs have failed to show why this action should not be dismissed. Based on the foregoing, the court recommends that this matter be dismissed with prejudice.[4]

                                                  _____
                                                  Paige J. Gossett
                                                  UNITED STATES MAGISTRATE JUDGE

October 17, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] The plaintiffs never identified or served the defendants identified as "John Does." Accordingly, the court recommends that these unidentified defendants be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).