

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RODNEY LAIL, JAMES B. SPENCER, IRENE SANTACROCE, ESTATE OF DORIS E. HOLT, and NICHOLAS C. WILLIAMSON, Plaintiffs, | § § § § § | |
| vs. | § § | Civil Action No. 3:11-977-MGL-PJG |
| HORRY COUNTY, SOUTH CAROLINA, JOHNNY MORGAN, Horry County Police Chief, and JOHN DOES, Defendants. | § § § § § § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
DISMISSING THE COMPLAINT

This matter was filed in 2011 as an action for alleged constitutional violations and related claims. The Court has jurisdiction under 28 U.S.C. § 1331. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the action be dismissed following briefing from the parties in response to the Magistrate Judge's September 27, 2016, Order to Show Cause. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 6, 2018. ECF No. 301. Plaintiff James B. Spencer (Mr. Spencer) filed objections to the Report on February 20, 2018. ECF No. 305. Defendants Horry County, South Carolina and Johnny Morgan (Defendants) replied to Mr. Spencer's objections on February 23, 2018. ECF No. 312. Plaintiffs Rodney Lail (Mr. Lail), Irene Santacroce (Ms. Santacroce), Nicholas Williamson (Mr. Williamson), and the Estate of Doris E. Holt (Holt) failed to file objections to the Report.

The Report recommends that the Court dismiss Plaintiffs' remaining claims because they are barred by the statute of limitations, collateral estoppel, and, with the exception of Mr. Williamson's claim, res judicata. The Report further suggests the Complaint fails to state a claim for denial of access to the courts. Mr. Spencer objects to the recommendations in the Report and insists dismissal of his remaining claim would be inappropriate.

The Court will first consider Mr. Spencer's objection regarding the Magistrate Judge's suggestion his claim is barred by the statute of limitations. The Report acknowledges Mr. Spencer has taken the position his remaining claim in this matter is a claim for denial of access to the courts in a related case, *Southern Holdings, Inc. v. Horry County*, No. 4:02-cv-01859-RBH ("Original Case"). The Report suggests that, even if the Court were to determine the Complaint states a claim for denial of access to the courts, such a claim is barred by the statute of limitations because Plaintiffs articulated the factual allegations supporting the claim in motions they filed in the Original Case in 2007.

Mr. Spencer argues the Magistrate Judge improperly evaluated whether his claim is barred by the statute of limitations pursuant to a summary judgment standard. Mr. Spencer maintains the

2

Magistrate Judge's September 27, 2016, Order to Show Cause, ECF No. 250, which led to the Report, "referred to whether Plaintiff's case should be dismissed pursuant to a motion to dismiss, as opposed to a summary judgment proceeding," ECF No. 305 at 8. Mr. Spencer asserts he was not placed on notice of a summary judgment motion, and he claims it is not apparent from the face of the Complaint when his claim for denial of access to the courts accrued. Mr. Spencer further posits his claim did not accrue until 2016 when the appeal of the Original Case was resolved.

Contrary to Mr. Spencer's assertion, the Magistrate Judge does not improperly employ a summary judgment standard when considering whether Plaintiffs' claims are barred by the statute of limitations. As explained above, the Magistrate Judge concludes Plaintiffs' claims are barred because Plaintiffs articulated the factual allegations comprising their claims in a motion for sanctions filed in the Original Case in February 2007, as well as motions for reconsideration filed in the Original Case in June 2007. Under a motion to dismiss standard, a court "may properly take judicial notice of matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). Because Plaintiffs' filings in the Original Case are matters of public record, the Magistrate Judge properly considered them without employing a summary judgment standard. The Court will therefore overrule Mr. Spencer's objection on this ground.

The Court likewise rejects Mr. Spencer's contention the Magistrate Judge erred in suggesting Plaintiffs' denial of access to the courts claims are barred by the statute of limitations because, according to Mr. Spencer, the claims did not accrue until resolution of the appeal of the Original Case in 2016. Assuming, without deciding, that the Complaint states a claim for denial of access to the courts, such a claim has been brought under 42 U.S.C. § 1983. *See* ECF No. 1 ¶¶ 105-09; *see also* ECF No. 305 at 6. A cause of action arising under § 1983 generally accrues when the plaintiff "knows or has reason to know of his injury." *Owens v. Balt. City State's*

3

*Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014). Mr. Spencer has failed to articulate why a different rule should apply to his claim, and he has neglected to provide any authority for his assertion that his claim did not accrue until resolution of the appeal in the Original Case. The Court holds Plaintiffs' claims for denial of access to the courts accrued when Plaintiffs knew or had reason to know of their alleged injuries.

Plaintiffs' claims for denial of access to the courts are premised upon allegations that Defendants fabricated and concealed evidence, which undermined the Original Case. *See, e.g.*, ECF No. 1 ¶¶ 72, 75, 76, 105-09; *see also* ECF No. 305 at 2-5. Plaintiffs, including Mr. Spencer, lodged the same type of accusations against Defendants in their "Rule 37 Motion Requesting Sanctions against Defendants for their Spoliation of Evidence and Discovery Abuses" filed on February 4, 2007, in the Original Case. *See* Plaintiffs' Rule 37 Motion, *S. Holdings, Inc. v. Horry Cty., S.C.*, No. 4:02-cv-1859-RBH, ECF No. 324. Thus, Plaintiffs' filings in the Original Case reveal they knew of their alleged injuries by February 2007. Plaintiffs, however, failed to file their Complaint in this matter until April 25, 2011.

Because Plaintiffs' claims for denial of access to the courts are subject to South Carolina's three-year statute of limitations for personal injury actions set forth in S.C. Code § 15-3-530, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding § 1983 claims are governed by the statute of limitations for personal injury actions in the State in which the cause of action arose), the Court agrees with the Magistrate Judge's conclusion Plaintiffs' claims are barred by the statute of limitations. Accordingly, the Court holds Plaintiffs' claims are barred by the statute of limitations, and the Court will overrule Mr. Spencer's objection regarding the accrual of his claim.

Because the Court's holding regarding the statute of limitations is dispositive of this matter, the Court declines to address Mr. Spencer's remaining objections to the Report. *See Karsten v.*

*Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

The Court further notes Mr. Lail, Ms. Santacroce, Mr. Williamson, and Holt failed to file objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). A failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Moreover, as explained above, the Court holds the denial of access to the courts claims of Mr. Lail, Ms. Santacroce, Mr. Williamson, and Holt are barred by the statute of limitations.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the portion of the Report regarding the statute of limitations and incorporates it herein. The Court declines to reach the remainder of the Report. Therefore, it is the judgment of Court Plaintiffs' claims against Defendants Horry County, South Carolina and Johnny Morgan are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Defendants John Does are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Civil Procedure Rule 4(m).

**IT IS SO ORDERED.**

Signed this 1st day of March 2018 in Columbia, South Carolina.

s/Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE